IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYDIA JANNIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA d/b/a CIGNA, | ) | |
| | ) | |
| Serve:  MO Dept. of Insurance | ) | |
| 301 W. High Street, Rm 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT
## EMPLOYEE RETIREMENT INCOME SECURITY ACT

COMES NOW Plaintiff Lydia Jannin, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for her cause of action against defendant Life Insurance Company of America d/b/a Cigna, respectfully states the following:

1.     Plaintiff, Lydia Jannin (nè Hotop) (hereinafter "Ms. Jannin") brings this action against Defendant Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna") for damages caused by the Defendant's breach of statutory, contractual and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2.     This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendants reside or are found in this district.

<u>Parties</u>

4.      Ms. Jannin is an individual residing in Perryville, Perry County, Missouri, 63775, in the Southern Division of the Eastern District of Missouri. Ms. Jannin is a vested participant in a Group Insurance Policy for certain employees of Toyoda Gosei North America Corporation (hereinafter "Toyoda"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

5.      Defendant Cigna provides coverage for certain employees of Toyoda under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Cigna provides long term disability benefit (hereinafter "LTD") through insurance coverage.

6.      Cigna is an insurance company incorporated in Pennsylvania and is doing business in Missouri under a license to do business as a Foreign Insurance Company. Cigna administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

7.      Toyoda serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

<u>Count I</u>
<u>Denial of Benefits Pursuant to 29 U.S.C. §1132(a)(1)(b)</u>

8.      In January of 2016 Ms. Jannin was forced to stop working and became disabled due to symptoms related to vertobasular migraines.

9.      As a result of Ms. Jannin's diagnosis and resulting disability, Ms. Jannin's treating physicians have determined that Ms. Jannin is unable to work on a full-time basis.

10.     From 1994 until the time Ms. Jannin was forced to stop working, she was employed by Toyoda as a Machine Operator.

11.     As part of her employment, Ms. Jannin was an eligible employee under a plan for long term disability benefits provided by Toyoda for its employees.

12.     On February 9, 2017, Cigna denied Ms. Jannin's application for long term disability benefits on the grounds that her medical records did not support disability.

13.     Following an appeal of its initial denial of long-term disability benefits, Cigna approved payment of benefits on November 14, 2017, and paid one month of benefits.

14.     In 2018, Cigna denied Ms. Jannin's benefits for a second time.

15.     Ms. Jannin filed a timely appeal of Cigna's denial.

16.     Included in her appeal, was a report from Ms. Jannin's primary care physician outlining the restrictions and limitations, which include, but are not limited to avoiding exposure to heights, power machines, driving motor vehicles, and Ms. Jannin's need to take daily unscheduled breaks and be absent from work more than four days each week because symptoms relating to her disability.

17.     Also included was the report of Timothy G. Lalk, a vocational rehabilitation counselor, who found that because of the restrictions and limitations of her symptoms, Ms. Jannin would "not be able to secure and maintain employment in the open labor market and is not able to compete for any position."

18.     Despite presenting objective evidence indicating that he was completely disabled and unable to perform "any occupation" as a result of her disability, Defendant denied Ms. Jannin's appeal of Cigna's determination to terminate Ms. Jannin's Long term disability benefits.

19.     At all relevant times, Ms. Jannin has been under the care of licensed medical doctors.

20.     As a result of the wrongful denial, Ms. Jannin has been damaged in the amount of unpaid benefits.

21.     Ms. Jannin has exhausted all administrative remedies available to her.

22.     Defendant's denial of long-term disability benefits was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

23.     Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Lydia Jannin respectfully prays for judgment against Defendant Life insurance Company of America d/b/a Cigna in the amount of unpaid past and future benefits, interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

## <u>Count II</u>
### Breach Of Fiduciary Duty Pursuant To 29 U.S.C. §1132(A)(3)

24.     Plaintiff incorporates and adopts by reference paragraphs 1-23 above as if fully set forth herein.

25.     Ms. Jannin also brings this claim against Cigna under 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA

or the terms of the Plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

26.     In determining benefits under the Plan, Cigna, acting as a fiduciary in the administration of Ms. Jannin's claim:

      a.   Failed to adequately consider the facts and circumstance regarding Ms. Jannin's claims;

      b.   Failed to adequately investigate the facts supporting Ms. Jannin's Claims; and

      c.   Relied on unfair, biased, and inconclusive reviews of Ms. Jannin's medical records in denying her claim for benefits.

27.     Defendant Cigna has failed to provide Ms. Jannin a full and fair review of her claim.

28.     In its determination of benefits, Cigna performed what it calls a transferable skills analysis on Ms. Jannin in an attempt to find an occupation that Ms. Jannin is qualified for.

29.     The claim file does not include: the methodology used by the vocational reviewer in completing the transferable skills analysis; any indication that vocational reviewer ever spoke with Ms. Jannin as part of the transferable skills analysis; nor is there evidence that the vocational reviewer considered Ms. Jannin's likely frequent absences from work due to the symptoms of her disability.

30.     Because the transferable skills analysis did not utilize a generally accepted vocational analysis methodology and/or failed to consider the full extent of Ms. Jannin's condition, the transferable skills analysis relied upon by Cigna was flawed.

31.     By relying on the flawed transferable skills analysis Defendant failed to carefully consider Ms. Jannin's claim and chose to base its denial on speculation and conjecture.

32.     Defendant, as fiduciary, did not act with care, skill, prudence and diligence in performing the transferable skills analysis, which was relied on for an adverse benefit decision.

33.     Defendant failed to carefully consider Ms. Jannin's claim and chose instead to base its termination of benefits and continued denial on speculation, a biased and a flawed transferable skills analysis.

34.     Defendant breached its fiduciary duties, insofar as it failed to discharge its duties in handling Ms. Jannin's benefits claim in a careful, skillful, and diligent manner.

35.     Defendant operated under a conflict of interest because it had a financial incentive to terminate and deny Ms. Jannin's ongoing long-term disability benefits.

36.     When adjudicating Ms. Jannin's claims for continued disability benefits, Cigna breached its fiduciary duty in that it;

    a.  Refused to consider the medical evidence documenting Ms. Jannin's restrictions and limitations; and

    b.  Employed an unfair, incomplete and biased process that was designed to create evidence to support a denial of benefits an ignore evidence that supported an award of benefits.

37.     Cigna breached its fiduciary duties under ERISA §404, 29 U.S.C. §1104, insofar as it failed to discharge its duties with respect to the Plan solely in the interest of Ms. Jannin, a beneficiary, and for the exclusive purpose of providing benefits to participants and to act in accordance with the documents and instruments governing the Plan.

38.     Ms. Jannin has been unjustly denied benefits and is now left with a total loss of long-term disability benefits, creating such an injustice as to warrant the enforcement of benefits promised to Ms. Jannin by Cigna.

39.     The allegations above merit the imposition of an equitable relief under 29 U.S.C. §1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to compensate Ms. Jannin for the losses incurred by him and for the unjust enrichment Defendant has realized as a result of its wrongful denial.

WHEREFORE, Plaintiff Lydia Jannin respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna granting equitable relief including payment of the amount of unpaid past and future benefits, interest on past due sums, attorney fees and costs and for any other such relief as the Court deems just and proper under the circumstances.

### Count III
### Denial of Waiver of Life Insurance Premiums

40. Plaintiff incorporates and adopts by reference paragraphs 1-39 above as if fully set forth herein.

41. As part of her employment with Toyoda, Ms. Jannin received a life insurance benefit under a Group Term Life Insurance Policy managed by Defendant.

42. Ms. Jannin is entitled to a waiver of her premiums for that life insurance benefit due to her disability.

43. Defendant has denied Ms. Jannin her waiver on the grounds that she does not meet the definition of disability under the policy.

44. Ms. Jannin has exhausted her procedural remedies with regards to the waiver of her life insurance premium.

45. Defendant's denial of her waiver of life insurance premiums benefit was arbitrary and capricious, and not based on substantial evidence, was a breach of their fiduciary duties and was the product of a conflict of interest and serious procedural irregularities.

46. Defendant is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Lydia Jannin respectfully prays for judgment against Defendant Life Insurance Company of North America d/b/a Cigna in the amount of unpaid past and future benefits,

interest on past due sums, attorneys' fees and costs, and for any other such relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101

adam@gallagherdavis.com

*Attorneys for Plaintiff*
*Lydia Jannin*